

FILED

2019 AUG 20 PM 4: 02

CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY
DEPUTY

MOHAMMED HASSAN,      §
    Plaintiff,      §
     §
v.      §     **EP-18-CV-48-DB**
     §
THOMAS DECKER, New York Field      §
Office Director, et al.,      §
    Respondents.      §

## MEMORANDUM OPINION

On this day, the Court considered the United States of America's ("the Government") "Motion to Dismiss" ("Motion"), filed in the above-captioned case on February 23, 2018. Mot., ECF No. 12-1. Therein, the Government asks the Court to dismiss Petitioner Mohammed Monir Hassan's ("Mr. Hassan") claims for lack of subject matter jurisdiction. *Id.* On March 7, 2018, Mr. Hassan filed his Response. Resp., ECF No. 24. On March 13, 2018, the Government filed its Reply. Reply, ECF No. 25. By a short order, on March 20, 2018, the Court granted the Government's Motion. Order, ECF No. 27. The Court will now explain the reasons for its decision.

## BACKGROUND

This is an immigration case involving a Petition for Writ of Habeas Corpus. Mr. Hassan, a citizen of Bangladesh, first entered the United States on or about December 13, 1992 by presenting a fraudulent passport. Mot. 2, ECF No. 12-1; Mot. Ex. A, ECF No. 12-3. Within a few months, on March 3, 1993, Mr. Hassan filed an application for asylum ("I-589") with the United States Immigration and Naturalization Service ("INS"), now the Department of Homeland Security. Mot. 2, ECF No. 12-1; Mot. Ex. B, ECF No. 12-3; Pet'r's Am. Pet. 2, ECF No. 23. INS then referred Mr. Hassan's application to the immigration court for adjudication

and, on August 21, 1997, issued him a Notice to Appear charging him pursuant to the

Immigration and Nationality Act's ("INA") Section 237(a)(1)(A) (inadmissible at time of entry).

Mot. 2, ECF No. 12-1; Mot. Ex. C, ECF No. 12-3; Pet'r's Am. Pet. 2, ECF No. 23.

On February 21, 1998, Mr. Hassan renewed his I-589 before the immigration

court.   Mot. 2, ECF No. 12-1; Mot. Ex. D, ECF No. 12-3.   A hearing on the merits of his I-589

was held on February 17, 2000.   Mot. 2, ECF No. 12-1.   That same day, the immigration court

denied his application for relief and ordered him removed to Bangladesh.   *Id.*; Mot. Ex. E, ECF

No. 12-3; Pet'r's Am. Pet. 2, ECF No. 23.   Subsequently, Mr. Hassan filed a Notice of Appeal

with the Board of Immigration Appeals ("BIA") on March 17, 2000.   Mot. 2, ECF No. 12-1.

The BIA ultimately dismissed his appeal on February 11, 2003.   *Id.*; Mot. Ex. F, ECF No. 12-3;

Pet'r's Am. Pet. 2, ECF No. 23.

On March 12, 2003, Mr. Hassan filed a Petition for Review with the United States

Court of Appeals for the Second Circuit ("Second Circuit"), arguing that the BIA and the

immigration court had failed to consider the merits of his claim.   Mot. 2, ECF No. 12-1; Mot.

Ex. D, ECF No. 12-3.   Further, Mr. Hassan filed a Motion to Reopen with the BIA on May 9,

2003, alleging ineffective assistance of counsel.   Mot. 3, ECF No. 12-1.   The BIA denied Mr.

Hassan's Motion to Reopen on October 26, 2004.   *Id.*; Mot. Ex. H, ECF No. 12-3.   The

Second Circuit granted Mr. Hassan's Petition for Review on March 3, 2006.   Mot. 3, ECF No.

12-1; Pet'r's Am. Pet. 2, ECF No. 23.   The Second Circuit ultimately remanded the record to

the BIA, which issued a decision on March 19, 2007 and remanded the case back to the

immigration court.   Mot. 3, ECF No. 12-1; Mot. Ex. I, ECF No. 12-3; Pet'r's Am. Pet. 2, ECF

No. 23.

On July 11, 2007, Mr. Hassan filed a third I-589 before an immigration judge. Mot. 3, ECF No. 12-1; Mot. Ex. J, ECF No. 12-3. On December 4, 2007, following a hearing on the merits, Mr. Hassan's application for relief was denied and the immigration court ordered him removed to Bangladesh. Mot. 3, ECF No. 12-1; Mot. Ex. K, ECF No. 12-3. On December 26, 2007, Mr. Hassan filed an appeal with the BIA regarding the immigration court's decision to remove him, but the BIA dismissed his appeal on September 14, 2009. Mot. 3, ECF No. 12-1; Mot. Ex. L, ECF No. 12-3.

On September 8, 2011, the Immigration and Customs Enforcement ("ICE") Fugitive Operations Team found Mr. Hassan but, due to a forbearance policy that was in place in the Second Circuit, Mr. Hassan was released under an order of supervision subject to reporting requirements. Mot. 3, ECF No. 12-1; Mot. Ex. N, ECF No. 12-3.

On July 24, 2014, Mr. Hassan filed another Motion to Reopen and request for a stay of removal with the BIA, which was denied on December 14, 2017. Mot. 4, ECF No. 12-1; Ex. O, ECF No. 12-3.

On December 11, 2017, Mr. Hassan's oldest United States citizen child filed an Alien Relative Application for Mr. Hassan so that he could become a permanent legal resident. Mot. 4, ECF No. 12-1. That petition is still pending before the United States Citizenship and Immigration Service. Mot. 4, ECF No. 12-1; Mot. Ex. E, ECF No. 12-3.

On January 2, 2018, the government of Bangladesh issued Mr. Hassan a travel document for the purpose of removal. Mot. 4, ECF No. 12-2; Mot. Ex. P, ECF No. 12-3. Mr. Hassan was scheduled to depart the United States on February 12, 2018 on a charter flight from El Paso, Texas ("El Paso") to Bangladesh. Mot. 4, ECF No. 12-1. On February 8, 2018, the

ICE Office of Enforcement and Removal Operations transferred Mr. Hassan to the West Texas Detention Facility in Sierra Blanca, Texas in anticipation of his scheduled departure flight. *Id.*

On the day of his departure, Mr. Hassan boarded a plane in El Paso with a final destination to Bangladesh. *Id.* However, as a last-minute resort to halt his removal, Mr. Hassan filed a Petition for Writ of Habeas Corpus ("Petition") and Request for a Temporary Restraining Order ("TRO") in this Court. *Id.* That same day, United States District Judge Philip R. Martinez granted the TRO, enjoining ICE from removing Mr. Hassan to Bangladesh during the pendency of the Petition. Order, ECF No. 3. Mr. Hassan was housed in the El Paso Service Processing Center. Mot. 5, ECF No. 12-1.

On February 23, 2018, the Government filed the instant Motion, arguing that INA bars this Court from exercising jurisdiction over Mr. Hassan's claims because they attack the execution of the final removal orders entered against him.[1] Mot. 7–9, ECF No. 12-1. According to the Government, INA eliminates district court jurisdiction in favor of federal appellate court jurisdiction in these cases. *Id.* The Court agrees with the Government and finds that it lacks subject matter jurisdiction to review Mr. Hassan's claims.

## STANDARD

Federal Rule of Civil Procedure 12(b)(1) ("Rule 12(b)(1)") permits dismissal if a court lacks subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). "Federal courts are courts of limited jurisdiction. They possess only [the] power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Unless proven otherwise, a case is presumed to lie outside the scope of a court's jurisdiction. *Id.* The burden of establishing subject matter jurisdiction rests with the party seeking to invoke it. *Id.* "It is

---

[1] The first removal order was issued on February 17, 2000 and the second removal order on December 4, 2007. *See* Mot. Exs. F and K, ECF No. 12-3.

incumbent on all federal courts to dismiss an action whenever it appears that subject matter jurisdiction is lacking." *Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998).

## ANALYSIS

Presently before the Court is the Government's Motion, in which the Government argues that the Court lacks subject matter jurisdiction pursuant to Rule 12(b)(1). Because the Government's subject matter jurisdiction argument attacks the Court's ability to make any determination on the merits, the Court addresses it without examining the merits of Mr. Hassan's claims. *See Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (holding that a court should consider a Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits). Because dismissal under Rule 12(b)(1) is not a determination on the merits of the case, Mr. Hassan is not prevented from refiling his claims in the proper jurisdiction. *See id.*

### 1. Lack of Subject Matter Jurisdiction

The Court lacks subject matter jurisdiction to review Mr. Hassan's claims because Mr. Hassan attacks the execution of his final removal orders.

On May 11, 2005, Congress passed the REAL ID Act,[2] which amended the jurisdictional provisions of INA by altering the way in which noncitizens can seek judicial review of administrative orders of removal. *Rosales v. Bureau of Immigration and Customs Enf't*, 426 F.3d 733, 735 (5th Cir. 2005). Pursuant to 8 U.S.C. § 1252(a)(5), a petition for review filed with the court of appeals is the "exclusive means of review" of removal orders. Section 1252(a)(5) states:

---

[2] The REAL ID Act, which was codified at 8 U.S.C. § 1252, is part of the broader "Emergency Supplemental Appropriations Act for Defense, the Global War on Terror, and Tsunami Relief," 2005, Pub. L. No. 109-13, 119 Stat. 231 (May 11, 2005).

(5) Exclusive means of review
Notwithstanding any other provision of law (statutory or
nonstatutory), including section 2241 of Title 28, or any other
habeas corpus provision, and sections 1362 and 1651 of such title, a
petition for review filed with an appropriate court of appeals in
accordance with this section shall be the sole and exclusive means
for judicial review of an order of removal entered or issued under
any provision of this chapter.

Thus, the REAL ID Act divested district courts of jurisdiction over petitions that attack removal

orders and vested exclusive jurisdiction in the courts of appeals. *See* Real ID Act, Pub. L. No.

109-13, 119 Stat. 231 (2005); *see also Rosales*, 426 F.3d. at 736.

Further, 8 U.S.C. § 1252(d)(1) provides that claims arising from the removal

process, including claims seeking review of a final removal order, must first be exhausted

administratively and then ultimately channeled to the federal courts of appeals through petitions

for review. Thus, aliens can obtain review, reopening, or stays of removal orders—but only

through the established administrative review process—with judicial review available in the

federal courts of appeals. *Id.* The immigration courts and the BIA have authority to adjudicate

motions to reopen removal proceedings on the basis of "new facts" and to grant stays of the

execution of removal. 8 C.F.R. §§ 1003.2(c), 1003.23(b)(3), 1003.2(f), 1003.23(b)(1)(iv).

In his Petition, Mr. Hassan challenges the execution of his final removal orders.

*See generally* Pet'r's Am. Pet., ECF No. 23. In fact, his case arises because of the Department of

Homeland Security's decisions or actions to execute removal orders against him and Mr. Hassan's

attacks on those decisions or actions. Therefore, the Court is of the opinion that 8 U.S.C.

§ 1252(a)(5), as amended by the REAL ID Act, bars review of the claims on which Mr. Hassan

seeks habeas relief.

Mr. Hassaan must seek relief in the immigration courts and before the

BIA, where he can move to reopen his removal proceedings and stay his removal. *See* 8 U.S.C.

§ 1252(d)(1); *see also* 8 C.F.R. §§ 1003.2(c), 1003.23(b)(3), 1003.2(f), 1003.23(b)(1)(iv). Alternatively, to the extent that Mr. Hassan ultimately seeks judicial review regarding his removal orders, the proper venue for his claims lies with the Fifth Circuit Court of Appeals.  *See* 8 U.S.C. § 1252(a)(5).  Accordingly, the Court is of the opinion that it does not have subject matter jurisdiction over Mr. Hassan's claims and that the Government's Motion should be granted. This determination sufficiently ends the inquiry and moots the need to address the merits of Mr. Hassan's claims.

SIGNED this 20th day of **August 2019**.

_____
**THE HONORABLE DAVID BRIONES**
**SENIOR UNITED STATES DISTRICT JUDGE**